UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Miyo M. Alexander,

    Petitioner,

v.

State of MN,

    Respondent.

Case No. 22-cv-740 (JRT/DTS)

**REPORT AND RECOMMENDATION**

In 2018, petitioner Miyo M. Alexander was convicted in state court on one count of third-degree assault. *See State v. Alexander*, No. A18-1011, 2019 WL 3000703, at *1 (Minn. Ct. App. July 8, 2019). Alexander brings this action challenging the legality of that conviction, seeking both to have that conviction vacated and to be awarded monetary damages. *See* Complaint at 4 [Dkt. No. 1].

The pleading used by Alexander to commence this action is ambiguous procedurally. Alexander might have conceived of this litigation as an appeal from the criminal conviction; in the caption of the pleading, he lists the State of Minnesota as the plaintiff to this action and himself as the defendant, just as the parties had been listed in the state-court criminal matter.[1] If a notice of appeal is, in fact, what Alexander had intended to file, then the Court would lack jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction,

---

[1] The Clerk of Court has docketed this action as a petition for a writ of habeas corpus, and in doing so, has reversed the order of the parties as compared to that supplied in the caption of Alexander's complaint.

the court must dismiss the action."). Under the *Rooker-Feldman*[2] doctrine, "a federal district court does not have subject-matter jurisdiction over any claim seeking direct review of a state-court judgment . . . ." *Hail v. Rice County*, No. 21-CV-1855 (WMW/TNL), 2022 WL 875356 at *1 (D. Minn. Mar. 24, 2022) (citing *Skit Int'l, Ltd. v. DAC Techs. of Arkansas, Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007)). Simply put, federal district courts cannot sit in appellate judgment of state courts.

Alternatively, Alexander might be seeking to *remove* the criminal proceedings from state to federal court. If so, then he is far too late. Only in rare circumstances may criminal proceedings be removed from state to federal court at all, *see, e.g.*, *Minnesota v. Bey*, No. 12-CR-256 (JRT), 2012 WL 6139223, at *1-2 (D. Minn. Dec. 11, 2012), and even where those circumstances are met, the notice of removal must be filed "shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier . . . ." 28 U.S.C. § 1455(b)(1). Alexander's state-court criminal proceedings, including his trial, ended years ago. There is nothing pending for Alexander to remove to federal court.

A more natural interpretation of the pleading than either as a notice of appeal or as a notice of removal is as a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. But this interpretation, too, would do Alexander little good. For one thing, any habeas petition from Alexander would be untimely:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

---

[2] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The criminal judgment that Alexander seeks to challenge became final more than three years before he commenced this action. Alexander does not allege that he was ever impeded by State action from seeking habeas relief previously. He does not rely upon a newly recognized constitutional right. None of Alexander's claims appear to depend upon a newly discovered factual predicate. And because Alexander did not file a petition for postconviction relief in state court, the limitations period at no time was tolled by § 2244(d)(2).

Even if the Court were to ignore the untimeliness of the petition, there is a more fundamental reason why Alexander could not seek habeas relief from his conviction. A petition for a writ of habeas corpus is an attack in the legality of ongoing custody. For

3

that reason, a petitioner must be "in custody" to procure the writ. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). Alexander does not appear to be in custody; he is not incarcerated, and the state-court docket to the criminal proceedings reflects that Alexander was discharged from probation almost a year ago. Thus, if this matter were construed as habeas litigation, this Court would still recommend dismissal of this action. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

But the pleading was not labeled by Alexander as a habeas petition, or as a notice of appeal, or as a notice of removal. The pleading was instead labeled as a "[c]omplaint." Accordingly, Alexander may be attempting to initiate a non-habeas civil proceeding attacking the validity of his conviction. But this would not work, either: Alexander cannot bring civil claims that necessarily imply the invalidity of a facially valid judgment of conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Any claims premised upon the invalidity of Alexander's conviction must be set aside until the day comes that the conviction is vacated, reversed, or otherwise set aside through a more appropriate procedural vehicle. *See id.* In the meantime, though, this lawsuit is barred by *Heck*. *See* 28 U.S.C. § 1915(e)(2)(B) (authorizing preservice dismissal where an *in forma pauperis* applicant has brought a complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted).

All of these roads lead to the same destination; this action should be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, this Court RECOMMENDS that:

1. This matter be **DISMISSED WITHOUT PREJUDICE**.

2. The application to proceed *in forma pauperis* of petitioner Miyo M. Alexander [Dkt. No. 2] be **DENIED AS MOOT**.

Dated: March 29, 2022            s/David T. Schultz
                                 DAVID T. SCHULTZ
                                 U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).