UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MIYO M. ALEXANDER,

                Plaintiff,

v.

STATE OF MINNESOTA,

                Defendant.

Civil No. 22-740 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

---

Miyo M. Alexander, P.O. Box 2813, Gallup, NM 87305, *pro se* Plaintiff.

Edwin William Stockmeyer, III, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101; Jonathan P. Schmidt, **HENNEPIN COUNTY GOVERNMENT CENTER**, 300 South Sixth Street, Suite C-2000, Minneapolis, MN 55487, for Defendant.

Plaintiff Miyo M. Alexander was convicted of third-degree assault in Minnesota state court. *See State v. Alexander*, No. A18-1011, 2019 WL 3000703, at *1 (Minn. Ct. App. July 8, 2019). He is no longer incarcerated and was released from probation. (R. & R. at 4, Mar. 29, 2022, Docket No. 4.) Nonetheless, he filed a Complaint and an application to proceed in forma pauperis ("IFP"), which the Clerk of Court docketed as a petition for writ of habeas corpus, seeking that his conviction be vacated and money damages awarded.[1] (Compl. at 4, Mar. 24, 2022, Docket No. 1; Appl. Proceed without Prepaying

---

[1] As the Magistrate Judge explained, a petition for writ of habeas corpus is inappropriate in this case for two reasons; Alexander is no longer in custody, and it has been over a year since

Fees or Costs, Mar. 24, 2022, Docket No. 2.)  Magistrate Judge David T. Schultz recommended denying Alexander's application to proceed IFP and dismissing his Complaint without prejudice because no matter how the Complaint was interpreted, the Court could offer no relief.  (*See generally* R. & R.)  The Court adopted the Report and Recommendation ("R&R").  (Order Adopting R. & R., May 18, 2022, Docket No. 6.)  Now, Alexander seeks to appeal the dismissal and proceed IFP on that appeal.

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith.  *Id*. § 1915(a)(3).  Good faith in this context is judged by an objective standard and not by the appellant's subjective point of view.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous.  *C.f. Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A party to a district court action who desires to appeal IFP must also file a motion in the district court and attach an affidavit that (1) shows inability to pay or to give security

---

his state conviction became final, so such a petition is untimely.  (R. & R. at 2–4, Mar. 29, 2022, Docket No. 4.); 28 U.S.C. § 2244(d).

for fees and costs; (2) "claims an entitlement to redress"; and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1); *see also* 28 U.S.C. § 1915(a)(1) (requiring the same). Here, Alexander intends to raise issues pertaining to the "application and constitutionality" of his conviction and sentence. (Notice of Appeal at 4, Dec. 11, 2023, Docket No. 8; Appellant Opening Brief, Dec. 11, 2023, Docket No. 10.) But Alexander's appeal ultimately has two fatal flaws. First, any claim that would imply the invalidity of his conviction is barred by *Heck v. Humphrey*. Second, his claim of abuse at the workhouse was raised for the first time on appeal.

Alexander wishes to raise the following issues on appeal: that the identity of the victim in his conviction was incorrect, that he was withheld rights relating to legal counsel, and that he was falsely charged. These issues have a central problem: they would all effectively invalidate his conviction and sentence. However, the Court may not take action on a claim that would necessarily imply the invalidity of a conviction that has not otherwise been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Because Alexander's conviction or sentence has not been invalidated, and because a writ of habeas corpus is unavailable as explained above, these issues are legally frivolous on appeal.

Alexander has one claim that theoretically could be cognizable: a 42 U.S.C. § 1983 claim alleging "severe physical and psychological abuse in violation of his constitutional rights." (Appellant Opening Brief at 3.) However, this claim fails because of a procedural

defect. It is raised for the first time on this appeal, not appearing in his initial Complaint.[2] Because Alexander's claim of abuse while he was incarcerated was not raised before and it cannot be raised on appeal for the first time, it is legally frivolous as well. *United States v. Clarke*, 564 F.3d 949, 954 (8th Cir. 2009) (citations omitted).

Legally frivolous appeals are not taken in good faith as is required by statute, so the Court will deny Alexander's application to proceed IFP on appeal. 28 U.S.C. § 1915(a)(3).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis on Appeal [Docket No. 9] is **DENIED**.

DATED: January 18, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[2] Alexander's Complaint was dismissed without prejudice, which would allow him to refile and include his abuse claim; however, the Court has two concerns about the claim. First, it may be past the two-year statute of limitations for a viable 42 U.S.C. § 1983 claim brought in Minnesota. *Cook v. City of Minneapolis*, 617 F. Supp. 461, 465 (D. Minn. 1985). Second, the only defendant listed is the State of Minnesota, but the State is not a "person" that can be sued under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989).